IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ESTHER CORONADO | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 2:11cv357 |
| | | CRIM. NO. 2:03cr7 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER ON PETITIONER'S MOTION
FOR EXTENSION OF TIME TO RESPOND

The above-entitled and numbered civil action was heretofore referred to a United States

Magistrate Judge.  Having reviewed the motion to vacate, set aside or correct the sentence pursuant

to 28 U.S.C. § 2255, which is the second § 2255 motion challenging her conviction filed by the

Movant, the Magistrate Judge issued a Report and Recommendation that the motion be dismissed

without prejudice for lack of jurisdiction because the Movant had not shown that she obtained

permission from the Fifth Circuit to file a successive § 2255 motion.  *See United States v. Key*, 205

F.3d 773, 774 (5th Cir. 2000); *United States v. McBride*, 2011 WL 5840216, at *1 (5th Cir. Nov. 21,

2011) (per curiam).  The Report and Recommendation issued on November 29, 2011, and gave

Movant 14 days in which to respond with objections.  *See* docket entry #4.  Movant filed no

objections or any other communication to the Court.  Accordingly, on January 3, 2012, the

undersigned District Judge issued an Order of Dismissal and entered Final Judgment adopting the

Report and Recommendation and dismissing the motion without prejudice.  *See* docket entries #5,

6.

Movant has now filed a "Motion for Extension of Time Pursuant to Fed. R. Civ. P. 6(b)"

(docket entry #7), in which she contends that she had an inmate assist her with her motion and did

not receive a copy of the Report and Recommendation.  Motion at 1.  She goes on to say she only

learned of the Report and Recommendation when she obtained help from a new assisting inmate.

She does not explain why she did not receive a copy of the Report and Recommendation, but only

speculates that the "prior assistancing [*sic*] inmate" may have misplaced it.  *Id*.  She contends she

has "suffered a substantial violation of her constitutional rights when she may be lost appropriate

appellate review."  *Id*. (as in original; citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1430 (5th Cir. 1996) (en banc)).  She does not precisely explain the relief she seeks, but

presumptively she wishes to be able to file objections to the original Report and Recommendation

four months after the fact as if judgment had not been entered in this case.  However, because

judgment has already been entered based on the R&R, the Court construes this motion as a Motion

for Reconsideration of the Judgment instead of simply a motion for an extension of time to file

objections to an already-adopted recommendation.

Movant has not stated a basis for her motion other than the general principles of

"constitutional rights" and the availability of "appellate review."  A motion for reconsideration may

be made under either Federal Rule of Civil Procedure 59(e) or 60(b).  *Shepherd v. Int'l Paper Co.*,

372 F.3d 326, 328 n.1 (5th Cir. 2004).  Such a motion "'calls into question the correctness of a

judgment.'"  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re*

*Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion is "not the proper

vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised

before the entry of judgment."  *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th

Cir. 1990)).  Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest

errors of law or fact or to present newly discovered evidence.'"  *Id*. (quoting *Waltman v. Int'l Paper*

*Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  "Relief under Rule 59(e) is also appropriate when there has

been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d

563, 567 (5th Cir. 2003).   Altering, amending, or reconsidering a judgment is an extraordinary

remedy that courts should use sparingly.   *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers*

*Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).  If a motion for reconsideration is filed

within 28 days of the judgment or order of which the party complains, it is considered to be a Rule

59(e) motion; otherwise, it is treated as a Rule 60(b) motion.  *See Shepherd*, 372 F.3d at 328 n.1;

*Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting

that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was

decided before the amendments to Rule 59 took effect on December 1 2009).[1]  Here, judgment was

entered on January 3, 2012.  Movant did not file her motion until April 18, 2012, exceeding the 28

day standard of Rule 59(e).

> Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12,

2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009).  A Rule 60(b)

motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a

---

[1]     Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days.  Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this.  *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1).  A decision with respect

to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court

and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*,

508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599,

604 (5th Cir. 1986)).  Rule 60(b)(6) could be construed to apply to Movant's motion.

Movant's sole discernable argument is that she did not receive a copy of the R&R issued by

the Magistrate Judge recommending dismissal of her petition before this Court adopted it over a

month later and dismissed her case without prejudice.  Therefore, she contends, she did not have an

opportunity to object or otherwise respond to the R&R.

In the first place, Movant has presented nothing at all in support of her bare allegation that

she did not receive the R&R.  She simply alleges in her motion that she did not.  She has not

submitted any form of declaration or statement by her inmate legal assistant, past or present, that it

may have been misplaced without Movant having seen it, or how that could have occurred when

correspondence from this Court would have only gone to Movant in the first place.  To the extent

that she simply failed to file an objection and now seeks to remedy her failure, she does not state a

basis for either *de novo* review in this Court nor for appellate review.  *See Douglass*, 79 F.3d at

1430; *Spotts v. United States*, 613 F.3d 559, 575 (5th Cir. 2010).

Next, however, even if Movant did not receive a copy of the R&R in order to timely object

to it, her remedy is to seek relief of some form from the judgment on the basis of a substantive

reason for doing so. For example, the Fifth Circuit has "held that the district court can 'rectif[ ]y [its]

initial procedural error' in not giving notice before granting summary judgment 'by ruling on a

motion for reconsideration.'" *See J.D. Fields & Co., Inc. v. U.S. Steel Intern., Inc.*, 426 Fed. Appx.

271, 281 (5th Cir. 2011) (quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 402 (5th

Cir.1998), *cert. denied*, 526 U.S. 1034, 119 S. Ct. 1286, 143 L. Ed. 2d 378, 67 (1999)).  "That is, if

the party opposing the motion for summary judgment 'is afforded an opportunity . . . to present the

court with evidence supporting [its] arguments' in a motion for reconsideration, 'the court's failure

to provide an opportunity to respond is harmless error.'" *Id*.; *see also Simmons v. Reliance Standard*

*Life Ins. Co. of Texas*, 310 F.3d 865, 869 n.4 (5th Cir. 2002).  Here, the posture is somewhat

different from the cited authorities in that there actually was no procedural error on the part of the

Court preventing Movant from filing an opposition to summary judgment or a motion to dismiss.

Instead, dismissal was based on Movant's undisputed lack of response despite sufficient time to do

so.  The only parallel is her assertion that her lack of response was because she was unaware of the

Report and Recommendation.  Nonetheless, the same principle stated in *J.D. Fields* and the other

cases above holds equally well here, namely, that Movant's recourse was to raise her substantive

objections in her instant motion for reconsideration.

Movant has not done so here.  She has merely offered an unsupported explanation as to why

she did not file objections in the first place, but has not identified the substance or nature of what

those objections may be.  Reviewing once again the Magistrate Judge's original Report and

Recommendation in this matter, the Court is of the opinion that it remains correct and Movant still

has not offered any indication that she has obtained permission from the Fifth Circuit to file a

successive motion pursuant to § 2255 or attempted to explain why her § 2255 motion in this case

should not be considered as successive.  It is therefore

**ORDERED** that Movant's Motion for Extension of Time (docket entry #7) to respond to the

Magistrate Judge's Report and Recommendation, construed as a Motion for Reconsideration of the

Judgment, is hereby **DENIED**.

**So ORDERED and SIGNED this 14th day of May, 2012.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE